UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————————

Brighthouse Life Insurance Company,

                Plaintiff,

                                                          Index No.

        v.

Rose Stanley, Allison M. Stanley, A.S.,
a minor and Eleanor Marie Stanley,
Individually and as Nominated Executrix
of the Estate of Michael Stanley,

                Defendants.
———————————————————————————

## COMPLAINT FOR INTERPLEADER

        Plaintiff, Brighthouse Life Insurance Company ("Brighthouse") by and through its undersigned counsel, hereby states as follows:

## PARTIES

        1.      Brighthouse, at all relevant times hereinafter mentioned, is an insurance company organized and existing under and by virtue of the laws of the Delaware, with its principal place of business in Charlotte, North Carolina.  Brighthouse is authorized to do business in the State of New York.

        2.      Upon information and belief, Defendant Rose Stanley may reside at 11 Hunting Ridge Road, Brookfield, CT 06804.

        3.      Upon information and belief, Defendant Allison M. Stanley ("Allison Stanley") resides at 84 Firwood Road Apartment A, Port Washington, New York 11050.

        4.      Upon information and belief, Defendant A.S. is a minor and she resides at 84 Firwood Road Apartment A, Port Washington, New York 11050.

5.     Upon information and belief, Eleanor Marie Stanley ("Eleanor Stanley"), Nominated Administratrix for the Estate of Michael H. Stanley, resides at 39 Charles Place, Old Tappan, New Jersey, 00298.

## JURISDICTION AND VENUE

6.     This Court also has jurisdiction under 28 U.S. C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.  Brighthouse is a citizen of North Carolina for diversity purposes, and upon information and belief, the defendants are citizens of Connecticut, New York and New Jersey.

7.     This Court also has jurisdiction under 28 U.S.C. § 1335 in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00.  There is minimal diversity between the claimants under State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967).  Upon information and belief, the defendants are citizens of New York and New Jersey.

8.     Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## FACTS

9.     On or about June 11, 1998, Brighthouse issued Flexible Premium Adjustable Life Insurance Policy No. 7361323[1] to Michael H. Stanley (the "Insured") as Owner and Insured (hereinafter, the "Brighthouse Policy"). *A copy of the Brighthouse Policy is attached as hereto as Exhibit A*.

---

[1] The Policy was originally issued by The Travelers Insurance Company, which became MetLife Insurance Company of Connecticut and is now known as Brighthouse Life Insurance Company.

10.     The face amount of the Brighthouse Policy is $200,000.00 which exceeds the amount required for diversity jurisdiction under 28 U.S. C. § 1332 and statutory Interpleader under 28 U.S. C. § 1335.

*11.*     By Life Insurance Application dated May 1, 1998, the Insured designated his wife at the time, Allison Stanley, primary beneficiary of the Brighthouse Policy.  Underneath the name of Allison Stanley the name "Rose," is written, with no last name and no indication as to whether "Rose" was designated as a primary or contingent beneficiary. The Certificate of Death for the Insured indicates that the first name of the Insured's mother is "Rose." The intention of the Insured with respect to the designation of "Rose" is unclear from the face of the document. No subsequent change of beneficiary was recorded by Brighthouse. *A copy of the Application is attached to the Brighthouse Policy,* ***Exhibit A***.

12.     Upon information and belief, the Insured died on March 17, 2017.  *A copy of the Insured's Certificate of Death is attached hereto as* ***Exhibit B***.

13.     As a result of the death of the Insured, a Death Benefit in the amount of $200,000.00, plus applicable interest, if any, became payable to a beneficiary or beneficiaries (the "Death Benefit"), and liability is conceded to that effect.

14.     Brighthouse has been advised by Allison Stanley that Allison Stanley and Michael Stanley divorced in New York State in 2007 and that they had one child ("A.S."), who is now 16.

15.     Brighthouse has been advised by Allison Stanley that the terms of a divorce related Agreement and Stipulation of Settlement  dated July 2, 2007 between Allison Stanley and Michael Stanley included a provision on life insurance for the benefit of Allison Stanley and her minor child with Michael Stanley, A.S. (hereinafter, "Divorce Settlement").

16. Brighthouse has been advised by Allison Stanley, through counsel, that according to the Divorce Settlement:

> during the child's minority, the Husband shall keep in full force and effect insurance on his life for the benefit of the Wife, naming her as beneficiary to the extent of the Husband's obligation to pay maintenance to the wife ($48,000) and on behalf of the child, naming the child as beneficiary in the sum of $250,000. The Wife shall be designated as beneficiary to the extent of $48,000 and the child as beneficiary in the sum of $250,000 with the Wife named as the sole trustee for the child. The Husband shall be entitled to reduce said amount aforesaid provided the life insurance remaining is not less than the Husband's remaining financial obligations hereunder for the child and the Wife at the time of reduction…The Wife waives the right to claim or receive any life insurance proceeds from the Husband, except as set forth pursuant to this Article.

17. Brighthouse does not know if Michael Stanley purchased or kept in force life insurance tied to the Divorce Settlement. The Brighthouse Policy, as noted above, has a face amount of $200,000, not $250,000.

18. NY EPTL Section 5-1.4 provides:

> Except as provided by the express terms of a governing instrument, a divorce….revokes any revocable disposition or appointment of property made by a divorced individual to, or for the benefit of, the former spouse, including, but not limited to, a disposition…by beneficiary designation in a life insurance policy…. Provisions of a governing instrument are given effect as if the former spouse had predeceased the divorced individual as of the time of the revocation.

19. The Brighthouse Policy provides that "[t]he original Beneficiary is stated in the application…If no Beneficiary survives the Insured, you will be the Beneficiary. If you are the Insured, your estate will be the Beneficiary."

20. Should the terms of the Divorce Settlement be deemed applicable to the Policy, Allison Stanley and A.S. could be beneficiaries to a portion of or the entire Policy.

21.     Should the terms of the Divorce Settlement be deemed inapplicable to the Policy and/or the designation of Allison Stanley be deemed revoked by NY EPTL Section 5-1.4, "Rose" could be a beneficiary to a portion of or the entire Policy.

22.     Should the terms of the Divorce Settlement be deemed inapplicable to the Policy, the designation of Allison Stanley be deemed revoked by NY EPTL Section 5-1.4, and/or the designation of "Rose" as beneficiary to the Policy be deemed ineffective, the Estate of the Insured could be the beneficiary to a portion of or the entire Policy.

23.     By Life Insurance Claim Form dated April 2, 2017, Allison Stanley made a claim for the Death Benefit.

24.     Eleanor Stanley, the Insured's surviving spouse and nominated Executrix of the Estate of Michael Stanley, made a claim for the Death Benefit, less $99,814.25, which she has proposed be put into a Trust for A.S..

25.     There have been no other claims to the Death Benefit of the Brighthouse Policy.

**CAUSE OF ACTION IN INTERPLEADER**

26.     Brighthouse realleges paragraphs 1-25 herein.

27.     Brighthouse brings this action for interpleader relating to the Brighthouse Policy.

28.     On or about March 17, 2017, the Insured under the Brighthouse Policy died.

29.     Allison Stanley, A.S., "Rose," and Eleanor Stanley Individually and/or as Nominated Executrix of the Estate of Michael Stanley are adverse claimants to the Death Benefit of the Brighthouse Policy.

30.     Because of the allegations set forth in paragraphs 1-29 above, which are incorporated herein, Brighthouse cannot determine the proper beneficiary under the Brighthouse

Policy.  Because of the risk of multiple claims as to the Brighthouse Policy, Brighthouse is or may be exposed to multiple liability.

31.     Accordingly, Brighthouse seeks to interplead the Death Benefit due under the Brighthouse Policy.  Given Brighthouse's doubt as to the proper beneficiary, Brighthouse cannot pay any of the proceeds of the Brighthouse Policy to one of the defendants without the risk of being compelled to pay the funds to one or more of the other defendants.

32.     As a mere stakeholder, Brighthouse makes no claim to the proceeds of the Brighthouse Policy other than payment by Defendants of Brighthouse's reasonable attorney's fees and costs in connection with this action.  Brighthouse therefore respectfully requests that this Court determine to whom the proceeds of the Brighthouse Policy should be paid.

33.     Brighthouse is ready, willing, and able to pay the proceeds of the Brighthouse Policy, in accordance with the terms of the Brighthouse Policy and applicable law.

34.     Brighthouse will deposit into the Registry of the Court the proceeds of the Brighthouse Policy, plus any applicable interest due and owing under the terms of the Brighthouse Policy, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff Brighthouse demands judgment as follows:

a.  appointing a guardian ad litem for the minor A.S. in order to represent her interests in connection with this Interpleader action;

b.  Permitting Brighthouse to pay the Death Benefit of the Brighthouse Policy into the Registry of the Court;

c.  Restraining and enjoining the Defendants from initiating any other action against Brighthouse for recovery of the Death Benefit of the Brighthouse Policy or any part thereof;

d.  Dismissing Brighthouse with prejudice from this action and discharging Brighthouse from further liability relating in any way to the Policy and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

    e.   Awarding Brighthouse its costs and attorney's fees; and

    f.   Awarding Brighthouse such other and further relief as this Court deems just, equitable, and proper.

Dated: New York, NY
       July 14, 2017

                Respectfully submitted,

                **D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**

                /s/ Deirdre A. Connolly
                Deirdre Connolly
                40 Fulton Street, Suite 1005
                New York, NY 10038
                Phone: (212) 971-3175
                Fax: (212) 971-3176
                *Attorneys for Brighthouse Life Insurance Company*